At all Defendants. The Michael A. Webber, Special Administrator of the Estate of Marcella Webber, deceased. Counter Plaintiff Appellant. The Yosemite Mortgage, Inc. At all Contra Defendants. Arguing on behalf of the Counter Plaintiff Appellant, Mr. Richard J. Nunez. Arguing on behalf of the Defendant Appellee, Ms. Katherine Jean Miller.          Mr. Nunez. Mr. Nunez. Mr. Nunez. Mr. Nunez. Mr. Nunez. I'm glad you have short names because how you're described is very long. All right. And Mr. Neelis, if you're ready, you may proceed. Good morning, Justices. May it please the Court, Richard Neelis on behalf of Michael Webber, the Special Administrator of the Estate of Marcella Webber. And also today I have Attorney Robert Sabin, who's been my co-counsel in the trial proceedings in this lengthy case. The case before you today involves a dispute as to priority over real property in the case of the foreclosure of Citibank versus James and Karen Gordon. I represent Michael Webber. He was the Special Administrator. One of the property owners, Karen Gordon, was the originally denamed executor and represented to the probate court. There were no assets. And Michael Webber was appointed because Karen Gordon had a conflict. Counsel, if I can ask just one question before you start, please. Didn't you in the trial court take a position different than here with respect to a constructive trust? That is, in the trial court, did you agree that there was a constructive trust on any surplus after CMI was paid off? And now aren't you arguing that CMI does not have a superior position? No. No, that was City Mortgage's argument. I never made that argument. Okay. No. Well, you have a distinction. You have the real property. And City Mortgage lent money on it. The estate of Marcella Webber, our interest arose in the course of our matter against Karen and James Gordon. Marcella Webber had dementia. Her health was failing. She was becoming totally lack of capacity. And during that time, Karen Gordon was her power of attorney and her caregiver. And in connection, as Karen Gordon kept taking more money out, as Marcella Webber's health deteriorated, continued up until the time she died. In the course of discovery against the Gordons, James Gordon appeared at his deposition and produced an accounting, which traced funds directly from Marcella Webber's bank accounts to the construction of various improvements on the real property that the Gordons lived on. There was an in-laws quarter with a garage that he built. There was a sunroom attached to the house. They rebuilt the kitchen. And all these funds he traced directly from funds they took from Marcella Webber's bank accounts. So we intervened into the foreclosure proceeding, saying that these were enhancements to the property that were made with stolen property. So, Cindy, you have a valid first mortgage as to the property other than these enhancements. The issue before the court is, are you a bona fide purchaser for value as to these enhancements? Because a bona fide purchaser for value has the burden to prove that capacity, because Citicorp is not really in the first position. If you have stolen property and it's in the possession of someone else, you have a right to recover your stolen property. Well, aren't there a few steps that we would have to go through if we agreed with you? And number one is, how did they know? What did they know? When did the enhancements happen? And how do you then, if you take answers to all of those, how do you get to be before city mortgage? Well, the LaBarriera case says the issue of notice is not relevant in the constructive trust case, that they don't have to know what was going on. It's an issue of, it's an equitable matter. So as to that, the notice issue, I don't think it applies to the constructive trust. I also was trying to pursue an equitable lien theory, and it did. It was relevant as to the equitable lien, and that claim was dismissed and rightfully so. But a constructive trust essentially in this situation is an equitable remedy, correct? Correct. And equitable remedies are wonderful, but if there is a legal remedy available, doesn't that take priority over an equitable remedy? Well, I mean, the law says that. Unceded, so to speak. But if you're saying you have a right at law to recovery, city has a promissory note. They can sue the Gordons on a promissory note and leave it at that. But what the Gordons are pursuing is their security in the real estate. Now, we're trying to pursue our interest in the real estate. These enhancements that were constructed, we're trying to get the value of those enhancements. There's no remedy at law for that relief. But you have a judgment against the Gordons in the amount of, what, $200,000 or $500,000? Yeah, correct. Give or take, and about half of that, you're alleging, goes to these improvements on the house based upon that accounting. Correct. Why isn't that the remedy that you're entitled to? And if that's the case, you then go in line, and if there's money after the foreclosure, you might be able to recover. Right. I would be a judgment creditor, and I would be behind everyone. Right. And I would not be able to get any relief as to the recovery of the stolen property because I would be merely a judgment creditor. So that would deny my client the relief to recover his stolen property. Well, how do you recover stolen property when it's part of a larger entity? Why don't you file a partition suit and see if you can get half the house? I don't know how under this proceedings you can get that particular value. Well, it's as a constructive trust. We have to be able to trace. If the Gordons just merely built these improvements, we wouldn't have any case. If we couldn't trace the funds from Marcella's bank account to the construction of these different enhancements, you're right. We couldn't pursue it. But Citicorp, as a bonafide purchaser for value, they have the burden to prove that position. A bonafide purchaser for value, that is something that's trumping our right to recover our property. In the course of commerce, the laws developed that a bonafide purchaser for value has a right over property that was stolen if they paid value for it. So in the trial court, with Citi's motion for summary judgment, I think they need to prove their position. And what their proof was is we like the money, so we're a BFP, period. And they don't go beyond anything beyond that. What if they have an appraisal? I mean, when you make a loan, don't you have an appraisal that says the property, someone went out there, here's what's on the property, here's what we're loaning you? Well, when did these enhancements occur? The enhancements occurred around the same time as the loans, before and after. So you have one there constructed, but I think the relevant time period is going to be when Citi went on the property and said with their appraisal, saying we're loaning our money on this property defined in this appraisal. So whenever their appraisal took place, that is the time where they've stated what they're relying upon to make their loan. Here's the property. We have an appraisal. This is what we're loaning on. And if our enhancements are in that appraisal, then I think we're lost. They're a BFP as to them. But if that argument, if you make that argument, it would apply to basically all homeowners where they make improvements on their own, and then in a foreclosure proceeding, they try to recoup from the bank money that they've invested themselves in their home. No, that's an issue raised in the briefs. If you make an improvement on your home and you have a mortgage and you go into default, those improvements are included as a security to your lender. But these improvements weren't the Gordon's. It was stolen money. If it was the Gordon's money that did it, right, then it is part of their loan. As Justice Hutchinson just alluded to, do you have a case that says that involving a mortgage? Involving a mortgage? Yes. I think this would be the first suppression as far as a mortgage, extending the law, RBR case, to a way. You're asking us to extend that rationale to mortgage situations. Well, and it's a quite narrow, I think we have a unique set of facts, where you have stolen property. You have the tracing. Unfortunately, it's not as unique as you may think. This happens all over the country, where parents are taking advantage of the siblings, the children. One becomes a trustee or a power of attorney and rips off their families. It's not uncommon. Well, I do a lot of litigation and that's what this case was on. So I think that goes to the argument of unjust enrichment. Is the city being unjustly enriched by being able to recover these enhancements? And if they didn't lend on those enhancements being part of the property, I think they're being unjustly enriched to say, oh, look at when we foreclosed, these things just happened to be there. That wasn't pled, was it, unjust enrichment? That's part of the constructive trust. You have to show that it was acquired on a breach of a fiduciary relationship. You have to show that there was a dominant subservient relationship. And you have to show unjust enrichment. That's all part of the constructive trust cause of action. So it was. But city mortgage essentially got the money that they were owed after certain mortgage payments had been paid for a period of time. And then they stopped and then they got the value of what was left. That's what they got, $192,000. Now, I know the figure is bigger than that, but that's compounded interest, lawyer's fees, things that they're not going to collect from anybody probably. They got the value of their mortgage back when Fannie Mae bought the house. I'm not aware that they recovered. My understanding is it's on the sale, the sale proceeds. I wasn't involved in the sale of the property. It's in the briefs. The $192,000 was the basic value of the mortgage. However, it had compounded interest and other things up to about $250,000, I think. But they got about less than $500 more, I think, than the value of their mortgage when this house was purchased at the sale. So what are we going to do? Are we going to disgorge city mortgage of that money or are we going to go after Fannie Mae? I think our recovery is limited to the proceeds of sale of the house, that we can't go beyond any money in the proceeds. We have no right to go back to payments that the Gordons made. I think it's only as to whether we get a portion of the funds from the sale in the proceedings from the house. And I think we're entitled to the portion of the sale price that's attributable to our enhancements from the stolen property. But I don't think we can go beyond that. Well, how can you relate $257,000 worth of improvements to a balance in the mortgage of $192,000? Well, one thing we've been dealing with is property values plummeting in the economic times. But I do a lot of mechanics in litigation, and I think one of the things that apply there is when you're looking at what your recovery is, they normally rule that if it's a small amount, they go by what you paid. Once it gets to a larger amount, you have to go to the value of those improvements. So I would think that gets way beyond as to the damages, but I think the trial court would rule that we're entitled to the value of those improvements and they aren't worth what we paid for them. We'd have to bring in an expert to say, here's what the property would be worth without them, here's what it would be worth with those enhancements, and the value would be what I think our damages would be. I'd love to be able to say it's what we paid, but I don't think that would be the ruling of the trial court. All right. So what part then does the purchaser, the third-party purchaser here, Fannie Mae, have in this process? Well, in the foreclosure proceeding, we had our claim to seek the recovery of the enhancements value, and we'd be entitled to a return of whatever the judgment would be, if any, as to the value of our enhancements, that we would be entitled that those funds were in excess of what should have been paid to Fannie Mae. Fannie Mae's entitled to the funds from the loan, and the loan, if it's a modified purchaser for value, what property they lent on. But I don't think Fannie Mae's entitled to an unjust enrichment that there happens to be some stolen property that no one lent on in reliance of that property, that now you're getting a, it's a windfall to them, that you just happen to have some stolen property that you didn't require that property, you didn't even know that property was there. Have you or has the estate filed a memorandum of judgment against the property? Yes. Thank you. Thank you. All right. Ms. Miller? Good morning. K.J. Miller on behalf of City Mortgage. I really do believe that this case comes back to the express language in the mortgage, which is the same express language that you see as standard in most mortgages, that the lender has a security interest not only in the property but in all future improvements made to that property. This is part of the contract of a mortgage, that the lender is taking both the risk that the homeowner, borrower, will lay waste to the property, as well as reaping the potential reward of the homeowner improving the property, and not that the lender will get more money than what they loaned, but that they will be able to recoup the amount that they loaned, either because the homeowner improves the property and then sells it and pays off the lender, or if there is unfortunately a foreclosure, perhaps the lender at that time of foreclosure can still recoup the money that they loaned. This is a basic premise of mortgage law that promotes lenders loaning money, usually the most money that any of us borrow. There needs to be some security and some purpose for the lender to then loan that money, and that's what happened here. The lender loaned the Gordons the money to purchase this property. They took a security interest in the real property itself and specifically says, together with all the improvements now or hereafter erected on the property, all replacements and additions shall also be covered by the mortgage. So the Gordons made some additions and improvements to the property. There was no way for the lender to know that the improvements were even made. Your mortgage company doesn't come back and inspect your mortgage as you're living there. There's no way for the lender to know where you're getting the money from to make those improvements. If we come up with an extension of the policy here that states that because improvements on a home are made with funds that are ostensibly stolen, that the lender somehow loses the benefit of the mortgage interest, that's an extension that's completely undermining this mortgage interest that lenders are requesting. Was there an allegation that City Mortgage knew or had any way of knowing? No. So if there had been an allegation, that would be a question of fact. That would be a question of fact, but we don't have a question of fact here. The claim here is for a constructive trust, and as has been explained, one of the elements that is necessary for a constructive trust is unjust enrichment. Here, City Mortgage, as the lender, will not be unjustly enriched. They will recoup, if they're lucky, only the amount that they loaned, and that is stolen. They will not get additional money from these improvements, and there was no evidence in the trial court of what, if anything, those improvements increased the value of the property. And as we all know, a $50,000 kitchen does not necessarily result in a $50,000 increase when you sell the property. When you have this intervention that came indicating that this was a problem, and this was before sale, I believe, before the actual sale, does the contract that City Mortgage has, the mortgage, require you to do any additional work to determine the value of what you're taking? Or are you just within the four corners of the document, and there's nothing else there that says, oh, wait, if something like this comes up, you have an additional obligation? I believe, Your Honor, that we are within the four corners of the document. And again, this is part of the public policy, because if you impute additional knowledge to the lenders, that's additional effort and work that you're asking them to then put in. So this is similar. It could be a negative impact as well. If somebody's operating a meth lab in their home, that would be decreasing the value of the property. Is the lender supposed to know about that too? If there's a police report about it, if it comes up? Again, so everything is laid out within that contract, that the homeowner agrees to not lay waste to the property, engage in illegal activity, et cetera, and that the lender is therefore not responsible for that. That is the borrower's. Here it is the Gordons who are the bad actors. City Mortgage is not the bad actor. Speaking of bad actors, have the Gordons been reported to the police or to the State's Attorney's Office to be indicted for theft from an elderly person? I'm not sure what happened in the probate case, Your Honor. I was not involved in that. I thought about this too. My husband likes to watch car auctions, and they're classic cars. And people think that their classic car is worth $2 million, so they set a reserve. Once you're notified of this issue, do you have any obligation to set a reserve on this sale, judicial sale? Or, again, are you going back to what you owed or what you lent and what is now left on that mortgage? So contractually, it's what we lent and what is still owed. But statutorily, no, we are under no obligation to. So, for example, if we have to bid on the property ourselves because no one else is bidding on it, then we only have to bid up to a full credit bid, a bid of what is owed to us. In order to, theoretically, the property, let's say that the improvements were the best improvements ever made, and then the house is worth $1 million. The sitting mortgage is still only going to recoup the amount that it loaned and that was still owed. There will then be additional money left over for any of the junior lien creditors, and then it would actually go to the Gordons. And then here the estate could recoup the money that it has a judgment for against the Gordons. Just because the Gordons are uncollectible does not then allow the estate to make this leap that they then get the money from sitting mortgage. As stated, no case law so far has extended this theory to real property, to mortgage liens. The estate argues that sitting mortgage's claim can only be for the value of its secured interest. But again, based on the mortgage language, the value of its secured interest is for both the property and the enhancements. And as Justice Hutchinson said, there is already a legal remedy here, and that does trump any equitable remedy. A constructive trust is an equitable remedy. There is a judgment against the Gordons. They were able to reduce the amount that was owed to a monetary figure, and that then is the Gordons' responsibility to repay. It is not sitting mortgage. And, of course, the Gordons went through bankruptcy, I think, during this period of time as well. That is correct, Your Honor, which then delayed the foreclosure. So it's not that the estate is the only one that has suffered from the Gordons' bad actions. And the Gordons specifically agreed that this amount owed to the estate was going to survive bankruptcy, correct? They did reaffirm the mortgage. They did. Thank you. Thank you very much. Mr. Nelis? In answer to your question, was there a complaint made to the state's attorney? And, yes, there was. And the state's attorneys, we had the proof of the tracing of the funds, and they considered it a civil matter. One thing, like you mentioned, that this goes on quite a bit. For the state's attorneys to get involved in prosecuting these crimes, it's very labor-intensive, and they don't have the manpower generally to do it. And so they refused to go forward with the prosecution in this, which also at the time the law has been amended that a person who steals from an elderly person can't inherit. Since the state's attorney wouldn't prosecute, we couldn't take advantage of it. And then when they filed bankruptcy, the interest of the Gordons went to the bankruptcy trustee, who didn't do anything wrong. So even though the Gordons couldn't recover anything from the estate, the bankruptcy trustee could. So, yes, the criminal prosecution right now in the state is very difficult in these kind of cases. But counsels argue that lenders need to be protected, and there's no question. And that's where the whole concept of a bona fide purchaser for value comes about, to protect them. Part of the problem we have here is we have the mortgage meltdown. Property values plummeted. The amount that this house was sold for is much less than it was worth when loans were made. So you have a decrease in value. If it goes the other way, typically people get paid. But what if you had this scenario where the property was vacant when the mortgage was made, and then they stole the money and put a house on it, and then they didn't pay on their loan on a vacant lot, and then there's a foreclosure. Would Citi be entitled to get the value of the house that was built on the property, even though there was no house when they made their loan? They didn't pay anything in reliance on that they were lending on a house, but then they stole money and they built the house. Should they be entitled to that? It depends on what their contract says. If somebody is willing to enter into a contract to get money initially on a good-faith basis, and for the most part we have some of these enhancements, as you call them, maybe occurring before the actual mortgage, but most of them are occurring after the actual mortgage, and then they stop paying. I mean, if somebody enters into a legal contract in good faith, that contract is what we decide a case by, correct? Correct, yes. And our job is interpretation, and if it says, although I don't think they do, they get blocked contracts, I'll say that, you know, improvements, et cetera, then, yeah, Citi Bank gets those improvements. Why is that? You know, why should we disregard this contract? You're not disregarding any contract. Citi is protected for everything that they paid value for. So if they lent money for a vacant lot, they're entitled to be protected as to that vacant lot. If they lent it and the house was built with stolen property and they lent on a vacant lot with the house on stolen property and had no knowledge of the theft, they're protected there, too. But my instance is saying you lent on a certain property, and you're entitled to be protected on what you lent. You're also entitled to be protected if the Gordons made any improvements with their funds. But a thief doesn't take title to funds. So when the Gordons stole money and made improvements, that's not an improvement of the Gordons. That's an improvement with Marcella Weber's funds. And it doesn't come within the contract because the Gordons never owned the money that was stolen. But the only way, under this scenario that we're faced with here, the only way that you could get this property that I can see is if we disgorge Citi Bank of money that they lent on this property. And I don't see any authority for that in this contract or anywhere. Well, it's, did they pay value? That's the issue. And it's their burden to prove that status. And by just saying we just lent money and leaving it at that, I don't think they've proven their burden that they paid value for these improvements. If they did, yes, they're entitled to that. But if they didn't pay value, they're not. And they really didn't present any evidence other than we made a loan. Well, that was the foreclosure suit. That's their job in the foreclosure. You intervened and raised this new issue, and I asked that question, what, if anything, do you have to do in order to address their issue? And the answer that she gave was we have to follow our contract. If you have some authority that they don't, I'd be happy to look at it. Well, I don't think there's any instance where someone's not following the contract. It's that Citi's only, they're only protected as to what they lent on. Well, they lent on, as counsel mentioned, in the mortgage contract, it includes improvements. If there's a foreclosure. Improvements of the Gordons. A thief, I don't think, a thief, it's not their property that they made the improvements with. Whatever became the Gordons' property. There's no allegation that Citi Mortgage was aware or had knowledge that the Gordons had stolen money. Well, in a constructive trust, it's not, it's not a relevant issue. It would be if we were claiming inequitable lien. But under the case law, the case said that notice is not an issue in a constructive trust case. In that case, the person that they were discharging the money from had no idea. It was a brother who had stolen the money, and his wife, he died and his wife had it, and the brother came in and said, half of my money was stolen, and the wife didn't know anything about it. But she had to. But she was still benefiting, you know, she had the house or she had whatever was there. Well, there was half the estate belonged to the deceased husband and half belonged to the other brother. So she had to disgorge half of the funds that were due the other brother. Her husband was still entitled to half, so she could keep what he was entitled to, but he took his brother's funds too, and she had to return those even though she had no knowledge of what her husband was up to. So notice was irrelevant in the case. She had to pay it to the other brother even though she didn't know. But there was no contract in that case that was sitting over here that says, this is what we gave you money for, and in the event you make a mistake and don't pay, we're entitled to recover this as well as whatever it looks like at the time you default. Well, I think that's unjust if it's going to stolen property that they did not land on. I think that goes beyond the purview of their contract. Thank you, counsel, for your argument and for the opportunity to make the law. And we will take a recess now to prepare for our next argument. Thank you.